Argued and submitted November 30, 2011, reversed and remanded March 28, petition for review denied September 13, 2012 (352 Or 378)

## UNIFUND CCR PARTNERS,
*Plaintiff-Appellant,*

*v.*

## Rigoberto PORRAS,
*Defendant-Respondent.*

Washington County Circuit Court
C092570CV; A146957

275 P3d 992

Daniel L. Gordon argued the cause for appellant. With him on the briefs was Daniel N. Gordon, P.C.

Craig Colby argued the cause for respondent. On the brief was Bret Knewtson.

Before Schuman, Presiding Judge, and Armstrong, Judge, and Nakamoto, Judge.

PER CURIAM

## PER CURIAM

Plaintiff brought a breach-of-contract action against defendant to recover the amount that defendant owes on a credit card account. The trial court granted summary judgment to defendant on the ground that plaintiff's action was untimely under Delaware's three-year statute of limitation for contract claims. Plaintiff challenges that conclusion on appeal, contending that Delaware's statute would be indefinitely tolled under Delaware law. Because indefinite tolling of the Delaware statute would cause Delaware's limitation period to differ substantially from Oregon's comparable limitation period and would impose an unfair burden on defendant in defending against plaintiff's claim, plaintiff contends that, pursuant to ORS 12.450, the court should have applied Oregon's six-year statute of limitation—ORS 12.080—instead of Delaware's statute. Under the Oregon statute, plaintiff's claim was timely. We agree with plaintiff and, accordingly, reverse and remand.

The legal issues in this case are governed by our recent decision in *CACV of Colorado v. Stevens*, 248 Or App 624, 274 P3d 859 (2012). There, as here, the issue was whether Delaware's or Oregon's statute of limitation applied in an action to recover the balance owed on a credit card account, which was generally governed by Delaware law. We determined that Delaware's nonresident tolling statute would apply to Delaware's statute of limitation in such cases and would toll the Delaware limitation period until the defendant became a Delaware resident. As a result, Delaware's limitation period would be significantly different from Oregon's limitation period—an indefinite period versus a six-year period—and would impose an unfair burden on the defendant by effectively eliminating the statute-of-limitation defense. Under those circumstances, we concluded that ORS 12.450 requires Oregon courts to apply Oregon's statute of limitation instead of Delaware's statute. 248 Or App at 638-40. The effect of that conclusion in this case is that plaintiff's claim was timely filed under ORS 12.080, *viz.*, it was filed within six years of its accrual, and, hence, the trial court

erred in granting summary judgment to defendant on his statute-of-limitation defense.[1]

> Reversed and remanded.

---

[1] Because we reverse the judgment, the court's attorney-fee award to defendant is reversed as well. *See* ORS 20.220(3)(a).